# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BLACKBIRD TECH LLC d/b/a BLACKBIRD TECHNOLOGIES,<br><br>       Plaintiff,<br><br>v.<br><br>SERVICE LIGHTING AND ELECTRICAL SUPPLIES, INC. d/b/a 1000BULBS.COM, and PRECISION LIGHTING AND TRANSFORMER, INC.,<br><br>       Defendants. | C.A. No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Blackbird Tech LLC d/b/a/ Blackbird Technologies ("Blackbird Technologies") hereby alleges for its Complaint for Patent Infringement against the above-named Defendants, on personal knowledge as to its own activities and on information and belief as to all other matters, as follows:

## THE PARTIES

1.   Plaintiff Blackbird Technologies is a corporation organized under the laws of Delaware, with its principal place of business located at One Boston Place, Suite 2600, Boston, MA, 02108.

2.   Defendant Service Lighting and Electrical Supplies, Inc. d/b/a 1000bulbs.com ("1000bulbs.com") is a corporation organized under the laws of Texas with its principal place of business located at 2140 Merritt Dr., Garland, TX 75041.

3. Defendant Precision Lighting and Transformer, Inc. ("PLT") is a corporation organized under the laws of Texas with its principal place of business located at 2140 Merritt Dr., Garland, TX 75041.

4. Upon information and belief, PLT is the "house brand" of 1000bulbs.com and thus manufactures and brands products to be sold on the website www.1000bulbs.com. Therefore, PLT and 1000bulbs.com are properly joined in this Action.

JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, title 35, United States Code §§ 100, *et sec*.

6. Subject-matter jurisdiction over Blackbird Technologies' claims is conferred upon this Court by 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (patent jurisdiction).

7. This Court has personal jurisdiction over Defendants because Defendants are subject to general and specific jurisdiction in the State of Delaware. Defendants have also established minimum contacts with this forum. Defendants regularly conduct business in the State of Delaware, including by manufacturing, selling, and/or offering to sell products in this judicial district. Defendants' actions constitute patent infringement in this district in violation of 35 U.S.C. § 271 and place infringing products into the stream of commerce, with the knowledge and understanding that such products are sold in this District. The acts by Defendants cause injury to Blackbird Technologies within this District.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 (b) and (c) and § 1400(b) and because Defendants transact business within this District and offer for sale in this District products that infringe U.S. Patent No. 7,086,747.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,086,747

9. Blackbird Technologies reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

10. On August 8, 2006, U.S. Patent No. 7,086,747 (the "'747 Patent") entitled, "Low-Voltage Apparatus for Satisfying After-Hours Lighting Requirements, Emergency Lighting Requirements, and Low Light Requirements," a true and correct copy of which is attached hereto as "Exhibit A," was duly and legally issued by the U.S. Patent and Trademark Office. Blackbird Technologies is the owner by assignment of all right, title, and interest to the '747 Patent, including all right to recover for any and all past infringement thereof.

11. The '747 Patent is valid and enforceable.

12. 1000bulbs.com and PLT have in the past and continue to infringe literally, and/or under the Doctrine of Equivalents, one or more of the claims of the '747 Patent by making, using, importing, selling and/or offering to sell, in this judicial district and elsewhere in the United States, Retrofit LED Tube Lights which are covered by at least one claim of the '747 Patent. Defendants' infringing activities violate 35 U.S.C. § 271.

13. Specifically, PLT manufactures or otherwise supplies, and 1000bulbs.com offers for sale, and, on information and belief, sells, Retrofit LED Tube Lights which are covered by one or more claims of the '747 Patent, including but not limited to one or more of the LED Tube Lights listed in Exhibit B.

14. Further, 1000bulbs.com offers for sale, and, on information and belief, sells, Retrofit LED Tube Lights manufactured by ELB Electronics, Inc. which are covered by one or more claims of the '747 Patent, including but not limited to one or more of the LED Tube Lights listed in Exhibit C.

15. Further, 1000bulbs.com offers for sale, and, on information and belief, sells, Retrofit LED Tube Lights manufactured by ETi Solid State Lighting Inc. which are covered by one or more claims of the '747 Patent, including but not limited to one or more of the LED Tube Lights listed in Exhibit D.

16. Further, 1000bulbs.com offers for sale, and, on information and belief, sells, Retrofit LED Tube Lights manufactured by Green Creative LLC which are covered by one or more claims of the '747 Patent, including but not limited to one or more of the LED Tube Lights listed in Exhibit E.

17. Further, 1000bulbs.com offers for sale, and, on information and belief, sells, Retrofit LED Tube Lights manufactured by Kobi Electric, Inc. which are covered by one or more claims of the '747 Patent, including but not limited to one or more of the LED Tube Lights listed in Exhibit F.

18. Blackbird Technologies is informed and believes, and on that basis alleges, that Defendants have gained profits by virtue of their respective infringement of the '747 Patent.

19. Blackbird Technologies has sustained damages as a direct and proximate result of Defendants' respective infringement of the '747 Patent.

20. As a consequence of Defendants' infringement of the '747 Patent, Blackbird Technologies is entitled to recovery of past damages in the form of, at a minimum, a reasonable royalty.

21. Upon information and belief, Defendants will continue to infringe the '747 Patent unless enjoined by this Court.

22. As a consequence of continued infringement of the '747 Patent by Defendants complained of herein, Blackbird Technologies has been irreparably damaged to an extent not yet

determined and will continue to be irreparably damaged by such acts unless Defendants are enjoined by this Court from committing further acts of infringement. Blackbird Technologies has no adequate remedy at law. In the event this Court determines that it will not award injunctive relief, this Court should require Defendants to pay damages for past infringement of the '747 Patent and royalties for its infringement of the '747 Patent on a going-forward basis.

## PRAYER FOR RELIEF

WHEREFORE, Blackbird Technologies respectfully requests that this Court enter judgment against 1000bulbs.com and PLT, as follows:

A. Adjudging that the '747 Patent is valid and enforceable;

B. Adjudging that 1000bulbs.com and PLT have each infringed one or more claims of the '747 Patent, directly or under the Doctrine of Equivalents, in violation of 35 U.S.C. § 271;

C. An award of damages to be paid by Defendants adequate to compensate Plaintiff for their past infringement and any continuing or future infringement up until the date such judgment is entered, and in no event less than a reasonable royalty, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendants' infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

D. Granting Blackbird Technologies permanent injunctive relief pursuant to 35 U.S.C. § 283 enjoining Defendants, their respective officers, agents, servants, employees, affiliates, and those persons in active consort with them from future acts of patent infringement of the '747 Patent;

E.     Awarding Blackbird Technologies all damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284;

F.     In the event that this Court determines that it will not enter injunctive relief, ordering Defendants to continue to pay royalties to Blackbird Technologies for infringement of the '747 Patent on a going-forward basis;

G.     This case be judged an Exceptional Case under 25 U.S.C. § 285, and costs and attorney's fees be awarded to Blackbird Technologies;

H.     Awarding Plaintiff pre-judgment and post-judgment interest at the maximum rate permitted by law on its damages; and

I.     Blackbird Technologies be granted such further relief as this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Blackbird Technologies demands a trial by jury on all claims and issues so triable.

| | |
|---|---|
| Dated:  January 20, 2015 | STAMOULIS & WEINBLATT LLC |
| OF COUNSEL | */s/ Stamatios Stamoulis* |
| | Stamatios Stamoulis #4606 |
| Christopher Freeman | stamoulis@swdelaw.com |
| cfreeman@blackbird-tech.com | Richard C. Weinblatt #5080 |
| Wendy Verlander | weinblatt@swdelaw.com |
| wverlander@blackbird-tech.com | Two Fox Point Centre |
| Blackbird Tech LLC d/b/a | 6 Denny Road, Suite 307 |
| Blackbird Technologies | Wilmington, DE 19809 |
| One Boston Place, Suite 2600 | Telephone: (302) 999-1540 |
| Boston, MA 02108 | |
| 617.307.7100 | *Attorneys for Plaintiff* |
| | *Blackbird Tech LLC* |
| | *d/b/a Blackbird Technologies* |