IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BLACKBIRD TECH LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 15-53-RGA |
| | : | |
| SERVICE LIGHTING AND ELECTRICAL, | : | |
| | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| BLACKBIRD TECH LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 15-57-RGA |
| | : | |
| ETI SOLID STATE LIGHTING INC., | : | |
| | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| BLACKBIRD TECH LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 15-59-RGA |
| | : | |
| GREEN CREATIVE LLC, | : | |
| | : | |
| Defendant. | : | |

| BLACKBIRD TECH LLC, | : | |
|---|---|---|
| Plaintiff, | : | |
| v. | : | Civil Action No. 15-62-RGA |
| PLUSRITE CORP., | : | |
| Defendant. | : | |

| BLACKBIRD TECH LLC, | : | |
|---|---|---|
| Plaintiff, | : | |
| v. | : | Civil Action No. 15-64-RGA |
| KOBI ELECTRIC INC., | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

In four cases, defendants have filed a Rule 12(b)(6) motion to dismiss on the basis that certain claims of the only asserted patent are invalid for lack of written description. (No. 15-53-RGA, D.I. 7; No. 15-57-RGA, D.I. 9; No. 15- 62-RGA, D.I. 8; No. 15-64-RGA, D.I. 7). In another case, defendant has joined in these motions. (No. 15-59-RGA, D.I. 7).

Plaintiff asserts, "Defendants have presented no cases, and Blackbird is aware of none, in which a court has invalidated a patent upon a motion to dismiss based on a lack of written description." (D.I. 10, p.6).[1] Defendants respond to this point, "Blackbird does not offer any cases that say a well-informed district court cannot resolve a written description defect on the pleadings." (D.I. 12, p. 2).

---

[1] For convenience, citations are only to the docket in No. 15-59-RGA.

Plaintiff raises a number of valid concerns about deciding written description on the basis of the patent and the prosecution history. Adequate written description is a question of fact. Patent claims are presumed to be valid. In order to invalidate a patent claim on the basis of inadequate written description, I would have to find, by clear and convincing evidence, that the patent specification does not describe the claimed invention sufficiently to "reasonably convey[] to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date." *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010)(en banc). Typically, to make such a finding requires claim construction and expert testimony about what those skilled in the art would understand from the specification.[2] At this stage of the proceeding, there has been no claim construction, and, of course, on a motion to dismiss there will be no expert testimony.

I do not believe that it is appropriate at this time to consider "inadequate written description" on these motions to dismiss. Therefore, the motions to dismiss in the five cases are **DENIED WITHOUT PREJUDICE**.

IT IS SO ORDERED this /  day of December 2015.

*Richard G. Andrews*
United States District Judge

---

[2] Defendants state that the only claims I need to look at are independent claims 12 and 29, arguing that their products cannot infringe any other independent claims. Plaintiff argues that one cannot say that these are the only relevant claims, although I gather that is mostly a theoretical argument in the context of this case.