**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| BLACKBIRD TECH LLC d/b/a BLACKBIRD TECHNOLOGIES,<br><br>Plaintiff,<br><br>v.<br><br>SERVICE LIGHTING AND ELECTRICAL SUPPLIES, INC. d/b/a 1000BULBS.COM, and PRECISION LIGHTING AND TRANSFORMER, INC.,<br><br>Defendants. | ) | Civil Action No. 15-053-RGA<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' ANSWER TO THE COMPLAINT FOR PATENT INFRINGEMENT, AFFIRMATIVE DEFENSES, AND JURY DEMAND**

Defendants Service Lighting and Electrical Supplies, Inc. d/b/a 1000bulbs.com and Precision Lighting & Transformer, Inc. (collectively, "Defendants") hereby answer Plaintiff Blackbird Tech LLC d/b/a Blackbird Technologies' ("Plaintiff") Complaint for Patent Infringement (the "Complaint") as follows:

**The Parties**

1. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and therefore deny them.

2. Defendant Service Lighting and Electrical Supplies, Inc. d/b/a 1000bulbs.com ("1000bulbs.com") admits that it is a corporation organized and existing under the laws of the State of Texas. 1000bulbs.com further admits that its principal place of business is located at 2140 Merritt Drive, Garland, Texas 75041. Except as specifically admitted, Defendants deny the remaining allegations, if any, of Paragraph 2 of the Complaint.

3. Defendant Precision Lighting & Transformer, Inc. ("Precision Lighting") admits that it is a corporation organized and existing under the laws of the State of Texas. Precision Lighting further admits that its principal place of business is located at 2140 Merritt Drive, Garland, Texas 75041. Except as specifically admitted, Defendants deny the remaining allegations, if any, of Paragraph 3 of the Complaint.

4. 1000bulbs.com and Precision Lighting admit that they are properly joined for purposes of this action. Except as specifically admitted, Defendants deny the remaining allegations, if any, of Paragraph 4 of the Complaint.

## Jurisdiction and Venue

5. Defendants admit that this action purports to allege a claim for patent infringement and that such a claim, if proper, would arise under the Patent Laws of the United States. Except as specifically admitted, Defendants deny the remaining allegations, if any, of Paragraph 5 of the Complaint.

6. Defendants admit that a claim for patent infringement, if proper, would arise within the Court's subject matter jurisdiction. Except as specifically admitted, Defendants deny the remaining allegations, if any, of Paragraph 6 of the Complaint.

7. Defendants admit to personal jurisdiction for purposes of this action only. Defendants deny that Defendants are subject to general or specific jurisdiction in the State of Delaware or have established minimum contacts with this forum. Defendants deny that Defendants regularly conduct business in the State of Delaware. Except as specifically admitted, Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations, if any, of Paragraph 7 of the Complaint and therefore deny them.

8. Defendants admit that venue is proper with respect to Defendants in this district for purposes of this action only but specifically deny that this venue is the most convenient venue for this action. Except as specifically admitted, Defendants deny the remaining allegations, if any, of Paragraph 8 of the Complaint.

**Count I – Infringement of U.S. Patent No. 7,086,747**

9. No response is necessary to the allegations, if any, contained in Paragraph 9. To the extent that a response is necessary, Defendants repeat and incorporate herein by reference each of the responses to Paragraphs 1 through 8 as if fully set forth herein.

10. Defendants admit that U.S. Patent No. 7,086,747 ("the '747 patent") is entitled "*Low-voltage Lighting Apparatus for Satisfying After-Hours Lighting Requirements, Emergency Lighting Requirements, and Low Light Requirements*," and that the patent states on its face that it was issued by the U.S. Patent and Trademark Office on August 8, 2006. Defendants further admit that Plaintiff purports to attach a copy of the '747 patent to the Complaint as Exhibit A. Except as specifically admitted, Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations, if any, of Paragraph 10 of the Complaint and therefore deny them.

11. Defendants deny the allegations in Paragraph 11 of the Complaint.

12. Defendants deny the allegations in Paragraph 12 of the Complaint.

13. Defendants deny the allegations in Paragraph 13 of the Complaint.

14. Defendants deny the allegations in Paragraph 14 of the Complaint.

15. Defendants deny the allegations in Paragraph 15 of the Complaint.

16. Defendants deny the allegations in Paragraph 16 of the Complaint.

17. Defendants deny the allegations in Paragraph 17 of the Complaint.

18. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint and therefore deny them.

19. Defendants deny the allegations in Paragraph 19 of the Complaint.

20. Defendants deny the allegations in Paragraph 20 of the Complaint.

21. Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Defendants deny the allegations in Paragraph 22 of the Complaint.

## Prayer for Relief

23. Defendants deny that Plaintiff is entitled to any of the relief sought in the prayer for relief. Plaintiff's prayer should be denied in its entirety and Plaintiff should take nothing.

## Affirmative Defenses

### *First Affirmative Defense*

24. Defendants have not directly infringed, and are not directly infringing, any claims of the patent-in-suit either literally or under the doctrine of equivalents. Defendants have also not induced or contributed to, and are not inducing or contributing to, infringement of the patent-in-suit either literally or under the doctrine of equivalents.

### *Second Affirmative Defense*

25. The patent-in-suit, and all claims thereof, are invalid for failure to comply with one or more of the requirements of the Patent Act, 35 U.S.C. §§ 1 *et seq*., including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

### *Third Affirmative Defense*

26. The equitable doctrines of estoppel, unclean hands, patent misuse, and/or laches bar some or all of Plaintiff's claims for damages and other relief.

*Fourth Affirmative Defense*

27. Plaintiff is estopped by virtue of prior art or conduct and representations during the prosecution of the patent-in-suit from presenting an interpretation of the claims necessary to find infringement by Defendants.

*Fifth Affirmative Defense*

28. Plaintiff is not entitled to seek enhanced damages or attorneys' fees for willful and deliberate infringement.

*Sixth Affirmative Defense*

29. Plaintiff's alleged right to seek damages or other relief is limited, including without limitation by 35 U.S.C. §§ 286 and 287.

*Seventh Affirmative Defense*

30. Plaintiff is not entitled to injunctive relief, including without limitation, because any alleged injury to Plaintiff is not immediate or irreparable, Plaintiff has an adequate remedy at law, and/or public policy concerns weigh against any injunctive relief.

*Eighth Affirmative Defense*

31. The Complaint fails to state a claim upon which relief can be granted against Defendants.

*Ninth Affirmative Defense*

32. Defendants reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and other factual investigations in this case.

## Prayer for Relief

Wherefore, Defendants pray for the following relief:

A. that Plaintiff's Complaint be dismissed with prejudice;

B. that all remedies and relief sought by Plaintiff be denied;

C. that Defendants be found to have not infringed, and are not infringing, the '747 patent;

D. that one or more of the claims of the '747 patent be found invalid, void, and/or unenforceable against Defendants;

E. that judgment be entered awarding Defendants their costs incurred in the prosecution and defense of this action;

F. that judgment be entered declaring this case to be exceptional under 35 U.S.C. § 285, and awarding Defendants their reasonable attorneys' fees incurred in the prosecution and defense of this action; and

G. that judgment be entered awarding Defendants such other and further relief as the Court may deem just and proper.

## Demand for a Jury Trial

Defendants demand a trial by jury of all issues triable that are raised in the Complaint or in Defendants' Answer.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Michael R. Henson
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, Colorado 80202-5255
(303) 291-2300

Christopher M. Schultz
1651 North Collins Boulevard, Suite 180
Richardson, Texas 75080
(903) 561-2300

Dated: December 15, 2015
1211962

By: */s/ Philip A. Rovner*
Philip A. Rovner (#3215)
Jonathan A. Choa (#5319)
Alan R. Silverstein (#5066)
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com
asilverstein@potteranderson.com

*Attorneys for Defendants Service Lighting and Electrical Supplies, Inc. d/b/a 1000bulbs.com and Precision Lighting & Transformer, Inc.*