

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

**Philip A. Rovner**
Partner
provner@potteranderson.com
(302) 984-6140 Direct Phone
(302) 658-1192 Fax

April 8, 2016

**BY CM/ECF & HAND DELIVERY**

The Honorable Richard G. Andrews
U.S. District Court for the District of Delaware
U.S. Courthouse
844 North King Street
Wilmington, DE 19801

    Re:    <u>Blackbird Tech LLC related cases</u>, C.A. Nos. 15-53, -54, -56,through -64-RGA

Dear Judge Andrews:

    We respectfully submit this letter on behalf of the Defendants in Case Nos. 15-cv-053-RGA, -054, -056, -057, -058, -059, -060, -061, -062, -063, and -064 in support of their Proposed Protective Order, attached hereto as Exhibit A. The parties agreed on all but two disputes: (1) Plaintiff Blackbird's demand that all Protected Information be disclosed to its in-house counsel (Paragraph 4(b)); and (2) the scope of the "Highly Confidential—Subject to Prosecution Bar" designation for proprietary technical information (Paragraphs 2(c) & 8). (*See* Ex. A.)

**I.    No Protected Information Should Be Disclosed to Any Parties' In-House Counsel to Prevent Misuse in Competitive Decisionmaking.**

    The parties agree that "'Protected Information' is information that is Highly Confidential or Highly Confidential—Subject to Prosecution Bar" and that "Protected Information may be used exclusively for purposes of this litigation . . . ." (*Id.* at ¶¶ 2(b)-(d), 4(a).) To fulfill the spirit and purpose of the Protective Order, Defendants propose that Protected Information be limited to the Court, outside counsel for the parties, and litigation support services and staff. (*See id.* at ¶ 4(b).) Blackbird instead demands that its in-house counsel (who also serve as Blackbird's officers and principals) be allowed unlimited and unrestricted access to Defendants' Protected Information. Blackbird drafted the initial versions of the two-tiered confidentiality designations of Highly Confidential or Highly Confidential—Subject to Prosecution Bar. (*See* Ex. B at ¶ 2(b); *see also* Ex. C at ¶ 2(c).) Defendants suggested a third-tier "Confidential" designation, to which in-house counsel could be given access, but Blackbird rejected this suggestion. (*See* Ex. D.) Blackbird's all or nothing approach to the review of Defendants' proprietary information shows that Defendants' concerns about the potential misuse of their Protected Information are well founded.

In the often-cited case *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984), the Federal Circuit determined that where in-house counsel are involved in "competitive decisionmaking" by participating or advising the client on business decisions, they should not have access to their opponent's Protected Information. Otherwise, in-house counsel "would have a difficult time compartmentalizing his knowledge" when involved in competitive decisionmaking. *United States v. Dentsply Int'l, Inc.*, 187 F.R.D. 152, 159-60 (D. Del. 1999). This District, therefore, routinely precludes in-house counsel from reviewing Protected Information. *See, e.g., Elm 3DS Innovations, LLC v. Samsung Elecs. Co.*, C.A. No. 14-01430-LPS-CJB (D.I. 86) (D. Del. Feb. 11, 2016) ("Defendants' proposal, whereby in-house counsel would not have access to the other side's confidential information, is ADOPTED").

Blackbird appears to be a non-practicing patent assertion entity whose sole business model is to acquire patents, like the patent at issue, for purposes of asserting patent infringement claims against product manufacturers and distributors to obtain settlement payments and licensing revenues. (*See, e.g.*, Ex. E (self-describing Blackbird as a new model to monetize intellectual property).) Blackbird's in-house counsel are thus intimately involved in competitive decisionmaking regarding which patents to acquire and assert, settling patent litigation, licensing, and the scope for patent applications in ongoing prosecution. *See Affymetrix, Inc. v. Illumina, Inc.*, No. C.A. No. 04-901-JJF, 2005 WL 1801683, at *2 (D. Del. July 28, 2005) (precluding in-house counsel involved in the "competitive-decision making" of company management, settling patent litigation, and licensing from reviewing protected information).

For example, Wendy Verlander, Blackbird's President, CEO, co-founder, and counsel of record in this case, is admitted to practice before the Patent Office and therefore engages in all aspects of competitive decisionmaking for Blackbird from company management to managing patent litigation, settlements, licensing, and patent prosecution, analysis, and acquisition. (*See* Ex. F.) Blackbird's Senior Litigation Counsel David Gerasimow and John Handy are also admitted to practice before the Patent Office and engage in the same competitive decisionmaking activities. (*See* Exs. G-H.) Likewise, Chris Freeman, Blackbird's Vice President, Head of Litigation, and co-founder, and Senior Litigation Counsel Deborah Yates and Sean Thompson engage in competitive decisionmaking regarding at least patent litigation, settlements, and licensing. (*See* Exs. I-K.) Also, Blackbird's "Patent Analysis Group" of Counsel Dan Harris and Patent Analysts John Gendi, Olivia Massey, Megan McKnelly, and Vineet Vallam are engaged in competitive decisionmaking regarding patent prosecution, analysis, and likely acquisitions. (*See* Ex. L; *see also* Ex. M at 6-8); *R.R. Donnelley & Sons Co. v. Quark, Inc.*, C.A. No. 06-032 JJF, 2007 WL 61885, at *2 (D. Del. Jan. 4, 2007) (in-house counsel involved in company-wide business initiatives, opportunities for growth, research, development, and "other strategic initiatives" was precluded from reviewing protected information).

Blackbird's in-house counsel therefore will likely be unable to compartmentalize information regarding Defendants' proprietary technical and financial information when they are engaged in company management and strategy, analyzing patents for acquisition and assertion, prosecuting the scope of ongoing patent applications, or negotiating the terms of a settlement or license. *See Dentsply*, 187 F.R.D. at 159-62 (the court precluded in-house counsel from reviewing the producing party's confidential information because "he could make use of this information to augment [his client's] efforts in making or implementing strategic acquisitions").

Furthermore, Blackbird's in-house counsel could review Protected Information from Defendants such as Service Lighting and Electrical Supplies, Inc., who is an on-line vender, to target third-party suppliers. The unconscionable and anticompetitive result of providing Blackbird's in-house counsel with access to Defendants' Protected Information would be to allow Blackbird to tailor its patent assertion business model to target Defendants in future actions.

Precluding Blackbird's in-house counsel from reviewing Protected Information will not hinder Blackbird's case. Blackbird is well represented in this litigation through its outside counsel Stamoulis & Weinblatt, LLC (*see* D.I. 1 at 7), who "frequently represent[] plaintiffs and defendants in patent litigations," are registered with the Patent Office, and are skilled in patent prosecution (*see* Exs. N-P). Blackbird's unilateral choice to have its in-house counsel take an active role in the litigation is not a reason to place Defendants' Protected Information at risk. Entry of Defendants' Proposed Protective Order (Ex. A) to preclude all in-house counsel from reviewing Protective Information is warranted.

II.   **Prosecution and Acquisition Bars Are Needed to Protect All Products.**

At Blackbird's suggestion, the parties agreed to a "Highly Confidential—Subject to Prosecution Bar" designation, but the parties do not agree upon the scope of that designation. Defendants narrowly tailored the designation to protect "Highly Confidential information that is proprietary technical information, the disclosure of which during patent acquisition or prosecution activities would create a risk of serious injury to the business or competitive interests of the producer." (*Id.* at ¶ 2(c).) Similarly, attorneys or agents who review this information should be precluded from the "acquisition of any patent or patent application." (*Id.* at ¶ 8.)

Blackbird, by contrast, asks this Court to artificially limit the scope of the designated information to only products that are "not marketed" on the date of the entry of the Protective Order and omit patent acquisition activities from the bar. Blackbird thus believes that its in-house counsel (and officers) should have access to Defendants' "Highly Confidential" information and "Highly Confidential—Subject to Prosecution Bar" information. For the reasons explained above, Blackbird's in-house counsel should not have any access to Protected Information. The prosecution and acquisition bar thus only impacts the parties' outside counsel.

Limiting the prosecution bar to only products that are "not marketed" on the date of the Protective Order would wholly defeat its purpose. The Federal Circuit in *In re Deutsche Bank Trust Co. Ams.*, 605 F.3d 1373, 1380-81 (Fed. Cir. 2010), recognized that an attorney in possession of an opponent's confidential information should be barred from certain activities before the Patent Office due to the high risk of inadvertent misuse of that information. The risk of inadvertent disclosure of competitive information learned during litigation is much greater for those attorneys who have "the opportunity to control the content of patent applications and the direction and scope of protection sought in those applications" (*id.*) because they may prosecute the patents to cover an adversary's current or future products. Finally, the risk is even greater here because, as explained above, Blackbird's counsel are registered patent prosecution attorneys. (*See* Exs. F-H, N-P.) For the foregoing reasons, Defendants respectfully request that this Court enter their Proposed Protective Order (Ex. A).

The Honorable Richard G. Andrews
April 8, 2016
Page 4

                    Respectfully,

                    */s/ Philip A. Rovner*

                    Philip A. Rovner (#3215)

PAR/1220910
cc:   All Counsel of Record – by CM/ECF