

April 8, 2016

Stamatios Stamoulis
stamoulis@swdelaw.com

**VIA CM/ECF**
The Honorable Richard G. Andrews
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

Re:   *Blackbird Technologies v. Amazon.com, Inc., et al.*, C.A. Nos. 15-cv-0053-64

Dear Judge Andrews,

The parties request that the Court resolve a dispute between Defendants and Plaintiff Blackbird Tech LLC d/b/a Blackbird Technologies ("Blackbird") regarding the proposed Protective Order. The parties' main disagreement is whether litigation counsel directly employed by Blackbird may have access to information designated as "Highly Confidential" under the proposed single-tier Protective Order (Paragraph 4(b)(ii)). There are also disputes concerning the scope of and trigger for the prosecution bar (Paragraphs 8 and 2(c)). Blackbird respectfully requests that the Court find that Blackbird counsel can have access to information designated as "Highly Confidential" and adopt Blackbird's proposed prosecution bar.[1] In addition, Blackbird respectfully requests oral argument on these issues.

Defendants seek to exclude Blackbird's primary trial counsel from access to "Highly Confidential" information. Blackbird's business model allows individual inventors and small companies access to the value of their inventions through low-cost litigation. The primary way Blackbird controls litigation costs is through a unique structure in which Blackbird in-house litigation counsel, rather than more expensive outside counsel, handle all phases of litigation, from pre-suit analysis through trial. Accordingly, other than Delaware local counsel, Blackbird has not and does not intend to retain outside counsel to litigate these cases.

Any legitimate concerns arising from the disclosure of "Highly Confidential" information to Blackbird litigation counsel can be addressed through the use of reasonable protective measures, in particular the prosecution bar to which Blackbird has already agreed to be bound.[2] Tellingly, Blackbird repeatedly offered to negotiate additional reasonable restrictions in exchange for Defendants agreeing to permit Blackbird litigation counsel access to "Highly Confidential" information. (Ex. C.) Defendants repeatedly refused, stating that they would not agree to allow Blackbird counsel access to technical or financial documents under *any* circumstances.

---

[1] Blackbird's proposed Protective Order is attached hereto as Exhibit A. A blackline against Defendants' proposed order is attached hereto as Exhibit B.

[2] Under Defendants' proposed bar, activities relating to patent acquisition are barred, in addition to those relating to prosecution. Defendants' proposed bar is overly broad because patent acquisition does not implicate concerns of altering claim scope. Moreover, Defendants' proposed trigger—review of "Highly Confidential information that is proprietary technical information, the disclosure of which during patent acquisition or prosecution activities would create a risk of serious injury to the business or competitive interests of the producer"—is both ambiguous and

The Honorable Richard G. Andrews
April 8, 2016
Page 2

Blackbird counsel began appearing as counsel of record in these cases beginning on January 29, 2015. *See, e.g.*, 15-cv-0053, D.I. 5. Defendants have not objected to Blackbird counsel serving as primary counsel throughout this litigation and in fact have treated Blackbird counsel as outside counsel. Negotiations regarding this Protective Order have been between outside counsel for Defendants and Blackbird attorneys. Significantly, Defendants' outside counsel routinely contact Blackbird's litigation counsel directly to discuss issues relating to the case such as the Scheduling Order, motion practice, and discovery. For example, Defendant Amazon.com, Inc., which now objects to disclosure of "Highly Confidential" information to Blackbird counsel, served its Initial Disclosures, portions of which were designated as "Outside Counsel's Eyes Only" under Delaware Local Rule 26.2, directly on Blackbird's litigation counsel. Yet, content to treat Blackbird attorneys in all ways as *de facto* outside counsel for over a year, Defendants now attempt to prevent those same attorneys from operating in that role.

Although Blackbird's litigation counsel are directly employed by Blackbird, they function in the same way as traditional outside counsel. Blackbird's litigation counsel analyze and litigate the patents in Blackbird's portfolio against identified infringers. Outside counsel are, almost universally, allowed to review highly confidential information. Particularly given that Blackbird litigation counsel have agreed to be bound by a reasonable prosecution bar, there is no basis on which to assert that Blackbird counsel are more likely to disclose or misuse Defendants' confidential information. Blackbird does not compete in the marketplace with the defendants and its portfolio is not focused on any particular technology area. The mere fact that Blackbird litigation counsel are nominally "in-house" counsel cannot be the basis of restricting access to confidential documents. *U.S. Steel Corp. v. U.S.*, 730 F.2d 1465, 1468 (Fed. Cir. 1984) ("Denial or grant of access . . . cannot rest on a general assumption that one group of lawyers are more likely or less likely inadvertently to breach their duty under a protective order.").

Furthermore, because the asserted patent is directed to a particular structure for a LED lighting apparatus, discovery in this case should involve the production of few, if any, sensitive proprietary technical documents. This case will not involve the production of source code or other "black box" technical documents. Rather, it will be narrowly focused on the physical structure of the accused products, which can largely, if not completely, be discerned from visual inspection of the products themselves. Thus, although some courts have found that the discovery of sensitive technical information can give rise to the possibility of misuse by the receiving party to gain an improper advantage in future litigation, the nature of the information to be discovered in this case makes that concern a theoretical red herring.

Defendants' refusal to even consider reasonable compromises reveals that Defendants' position is gamesmanship—procedural wrangling designed to evade a decision on the merits. It is commonplace for nearly every document produced in a patent litigation to be designated as confidential under a protective order. Prohibiting Blackbird counsel access to "Highly

---

overly broad. Blackbird's proposed trigger, review of "Highly Confidential information that is proprietary technical information relating to products not on sale as of the date of entry of this Protective Order," is more reasonable. Discovery in this case should be focused on the physical structure of existing products, which is already apparent from public information. Only information relating to future products should implicate legitimate concerns about inadvertent disclosure.

Confidential" information will effectively disqualify them from this case. And, because of Blackbird's unique structure, preventing Blackbird from relying on its employed litigation counsel will make continued litigation of these cases extremely difficult. Defendants should not be permitted to use Blackbird's structure as an opportunity to stop these cases in their tracks.

Here, Defendants have not carried their burden because they have not established—and certainly not on the requisite "counsel-by-counsel" basis—that Blackbird counsel are involved in competitive decision making in ways that cannot be addressed through common protective order provisions, such as a prosecution bar.[3] Classifying Blackbird attorneys' role as "competitive decision making" would potentially subject every attorney—whether in house *or* outside counsel—involved in patent litigation to exclusion from review of confidential information. Predictably, courts reject this notion. *See, e.g.*, *R.R. Donnelley & Sons Co. v. Quark, Inc.*, 2007 WL 61885, at *1-2 (D. Del. Jan. 4, 2007).

And even if Defendants could establish that there was a risk of inadvertent disclosure, the "the potential harm to the opposing party from restrictions imposed on that party's right to have the benefit of counsel of its choice," *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1378 (Fed. Cir. 2010), far outweighs that minimal risk on the facts of these cases. Blackbird would suffer extreme harm from having its chosen counsel prohibited from accessing "Highly Confidential" information, and Defendants would suffer little—if any—harm from Blackbird counsel reviewing such information. In circumstances such as these, courts routinely find that access to confidential information is warranted. *See, e.g.*, *Koninklijke Philips N.V. v. Amerlux, LLC*, 2016 WL 917898, at *2 (D. Mass. Mar. 10, 2016) (granting access to in-house litigation counsel, despite fact that they also "identify potential licensees, negotiate license agreements, oversee procurement and reverse-engineering of potentially infringing products, and pursue enforcement actions"). Defendants' positions on these issues are legally untenable and are transparent attempts to gain an unfair advantage. Blackbird's Protective Order should be adopted.

---

[3] Although some courts have denied access to confidential information to counsel for entities that do not compete in the marketplace, those cases involve issues not implicated here. *See, e.g.*, *Apeldyn Corp. v. AU Optronics Corp.*, 2012 WL 2368796, at *8 (D. Del. June 13, 2012) report and recommendation adopted, 2012 WL 2366537 (D. Del. June 20, 2012) (barring access because counsel "might inadvertently disclose Defendants' confidential information to direct competitors of Defendants in the future" and because party waited "more than one year" to seek modification of protective order). In particular, such cases often involved entities that, unlike Blackbird, have patent portfolios directed to a single area of technology, making repeated suits against the same producer likely. *See, e.g.*, *ST Sales Tech Holdings, LLC v. Daimler Chrysler Co., LLC*, 2008 WL 5634214, at *1, *6 (E.D. Tex. Mar. 14, 2008) (entities related to plaintiff sued defendants multiple times in short period).

The Honorable Richard G. Andrews
April 8, 2016
Page 4

                                                        Respectfully,

                                                        Stamatios Stamoulis #4606
                                                        *Counsel for Plaintiff Blackbird Tech LLC*
                                                        *d/b/a Blackbird Technologies*

cc:       All Registered Counsel (via CM/ECF)